**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**AMERICAN ASSOCIATION FOR JUSTICE a/k/a ASSOCIATION OF TRIAL LAWYERS OF AMERICA**
777 6TH STREET, NW
SUITE 200
WASHINGTON, DC 20001,

*Plaintiff,*

v.

**ASSOCIATION OF AMERICAN TRIAL LAWYERS (AOATL), LLC**
3104 O STREET
SUITE 127
SACRAMENTO, CA 95816

*SERVE:*
TARA H. STEINER
3104 O STREET
SUITE 127
SACRAMENTO, CA 95816

*Defendant.*

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff American Association for Justice a/k/a Association of Trial Lawyers of America, for its Complaint against Defendant Association of American Trial Lawyers (AOATL), LLC states and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*; unfair competition and unfair and deceptive trade practices under District of Columbia Consumer

Protection Procedures Act, 28 D.C. Code § 3904(a), (b), and (s); and the common law of the District of Columbia.

2. This Court has subject matter jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367(a), because these claims are so related to claims within the Court's original jurisdiction and form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant consistent with the principles underlying the United States Constitution and the District of Columbia long-arm statute because, *inter alia*, Plaintiff's claims arise from harm sustained in the District of Columba; Defendant has purposefully directed its infringing activity to consumers within the District of Columbia both by directing infringing solicitations to recipients in the District of Columbia, and directing infringing advertisements and promotional materials specifically targeted towards residents of the District of Columbia. Defendant has caused and continues to cause "tortious injury in the District of Columbia by an act or omission outside the District of Columbia," and continues to transact business in the District of Columbia pursuant to the District of Columbia long-arm statute, D.C. Code §§ 13-423(a)(1) and (4).

5. This Court also has personal jurisdiction over Defendant because Defendant uses its infringing designations to advertise, promote, sell, and solicit members to join Defendant's association, and to promote Defendant's members, including in advertising specifically targeted to residents of the District of Columbia.

6. This Court also has personal jurisdiction over Defendant because Defendant should have reasonably known that its infringing conduct in the District of Columbia would cause harm to a citizen of the District of Columbia.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims at issue occurred in the District of Columbia.

## PARTIES

8. Plaintiff is a nonprofit corporation organized under the laws of the District of Columbia, with its principal place of business located at 777 6th Street, NW, Suite 200 Washington, DC 20001. Plaintiff is the world's largest trial lawyer bar with more than 22,000 members worldwide and more than 30,000 members in Plaintiff's state trial lawyer association affiliates, including in the District of Columbia.

9. Defendant claims to be a corporation organized under the laws of the State of California, with its principal place of business located at 3104 O Street, Suite 127, Sacramento, CA, 95816.

10. Defendant has used and, upon information and belief, continues to use the infringing designation THE ASSOCIATION OF AMERICAN TRIAL LAWYERS (AOATL) in the advertising and promotion of its association and its members.

## FACTS

11. Since at least 1974, Plaintiff has continuously used the ATLA® mark in interstate commerce to indicate membership in its association, and, *inter alia*, in connection with the promotion and sale of its publications, educational seminars, and conferences.

12. On February 10, 1976, the United States Patent and Trademark Office ("USPTO") duly granted Plaintiff's application to register the ATLA® mark on the Principal

Register for "indicating membership in applicant." A true and correct copy of Plaintiff's certificate of registration for United States Trademark Registration No. 1,033,400 is attached as Exhibit A.

13. On March 2, 1976, the USPTO duly granted Plaintiff's application to register the ATLA® mark on the Principal Register for "providing seminars and meetings for attorneys." A true and correct copy of Plaintiff's certificate of registration for United States Trademark Registration No. 1,035,037 is attached as Exhibit B.

14. Plaintiff's federal registrations for the ATLA® mark are incontestable, valid, subsisting, and in full force and effect.

15. Since at least 1972, Plaintiff has continuously used the distinctive mark ASSOCIATION OF TRIAL LAWYERS OF AMERICA in interstate commerce throughout the United States to indicate membership in its association, and, *inter alia*, in connection with the promotion and/or sale of its publications, educational seminars, and conferences.

16. Plaintiff has expended substantial effort and expense advertising and promoting, *inter alia*, its association and other services under the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

17. As a result of Plaintiff's efforts, the purchasing public in the District of Columbia and throughout the United States has come to know, rely upon, and recognize various association and other services sold by Plaintiff under the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

18. As a result of Plaintiff's long use, advertising and promotional efforts, and significant expenditures, Plaintiff has acquired valuable common law rights in the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

**DEFENDANT'S INFRINGING CONDUCT**

19. Upon information and belief, Defendant first began using the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL to promote its association and members, including advertising specifically targeted to the District of Columbia long after Plaintiff acquired its statutory and common law trademark rights described above.

20. On December 10, 2018, Plaintiff sent Defendant a cease and desist letter requesting that Defendant discontinue its infringing use of the ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL designations.

21. On December 11, 2018, after having received Plaintiff's cease and desist letter, and with full knowledge of Plaintiff's claim and marks, Defendant filed Application Serial No. 88224064 with the United States Patent & Trademark Office seeking to register the designation THE ASSOCIATION OF AMERICAN TRIAL LAWYERS (AOATL) as a service mark for use in conjunction with "advertising agencies specializing in law and the legal profession; Advertising and business services, namely, securing airtime on all forms of media communications stations, systems, networks, and services for the purpose of promoting the goods and services of others; Advertising, marketing and promotional services related to all industries for the purpose of facilitating networking and socializing opportunities for business purposes; Preparation of custom or non-custom advertising for businesses for dissemination via the web, CD or DVD for optional upload or download to a computer; Promoting, advertising and marketing of the brands, products, services and online websites of individuals, businesses and nonprofit organizations; [and] Providing on-line business information of others, namely, advertisements or solicitations." A true and correct copy of Defendant's Application Serial No. 88224064 is attached as Exhibit C.

22. Defendant has used the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL, to advertise, promote, sell, and solicit members to join Defendant's association, and to promote Defendant's members, including in advertising specifically targeted to residents of this District. A true and correct copy of Defendant's advertising directed to residents of this District is attached as Exhibit. D.

23. Upon information and belief, Defendant has widely offered its services sold in association with its infringing designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL to attorneys in the District of Columbia and throughout the United States, most of whom: (1) never requested solicitations from Defendant; and (2) have no other affiliation with Defendant.

24. The Defendant has also used its infringing designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in advertising promoting its attorney-members in advertising specifically directed toward residents of the District of Columbia. A true and correct copy of Defendant's advertising promoting its attorney-members directed to residents of this District is attached as Exhibit. E.

25. The Defendant began using the terms ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL with full knowledge of Plaintiff's prior use of and registrations for the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

26. The Defendant did not ask or obtain Plaintiff's permission to use the designation ASSOCIATION OF AMERICAN TRIAL LAWYERS or AOATL in connection with its goods and services.

27. The Defendant currently promotes, sells, and offers to sell its services in association with the terms ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in commerce in the United States, including in the District of Columbia.

28. On information and belief, the Defendant adopted the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in an effort to trade on the good will existing in connection with the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks, or to otherwise lead consumers to believe that there was some connection or affiliation between its goods and/or services and those of Plaintiff.

29. On information and belief, by using the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL the Defendant intentionally trades on Plaintiff's considerable goodwill in the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

30. On information and belief, the Defendant has intentionally confused consumers in the United States and in this District as to the source or affiliation of goods and/or services sold in association with the terms ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA.

31. The Defendant's unauthorized use of the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in the manner described above is likely to cause confusion, cause mistake, and/or deceive customers and potential customers of the parties.

32. The unauthorized use of the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in the manner described above falsely indicates to the purchasing public that the goods and/or services of Defendant originate with, or are affiliated,

connected, or associated with services sold under the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

33. The unauthorized use of the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in the manner described above falsely designates the origin of the goods and/or services of Defendant.

34. The unauthorized use of the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in the manner described above enables the Defendant to trade on and receive the benefit of goodwill in Plaintiff's ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks, which Plaintiff has established at great labor and expense over several years. This unauthorized use allows Defendant to gain acceptance for its own services not solely on its own merits, but on the reputation and goodwill of Plaintiff and its ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

35. The unauthorized use of the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL in the manner described above deprives Plaintiff of the ability to control the nature and quality of services provided under its marks and places the valuable reputation and goodwill of Plaintiff in the hands of the Defendant, over whom Plaintiff has no control.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

36. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 35 above.

37. The actions of the Defendant constitute infringement of Plaintiff's federally registered ATLA® mark.

38. On information and belief, the actions of the Defendant have been willful, with full knowledge of Plaintiff's rights in the registered ATLA® mark, and with an intent to trade on Plaintiff's goodwill in such registered trademark. The conduct of the Defendant makes this an exceptional case under 15 U.S.C. § 1117(a).

39. As a result of the wrongful conduct of the Defendant, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

**COUNT II: FEDERAL UNFAIR COMPETITION – 15 U.S.C. § 1125(a)**

40. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 39 above.

41. The actions of the Defendant constitute trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

42. On information and belief, the trademark infringement and unfair competition by the Defendant have been willful and malicious, thus making this an exceptional case under 15 U.S.C. § 1117(a).

43. As a result of the wrongful conduct of the Defendant, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

**COUNT III: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER DISTRICT OF COLUMBIA COMMON LAW**

44. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 43 above.

45. The actions of the Defendant constitute direct, contributory and/or vicarious trademark infringement in violation of the common law of the District of Columbia. On information and belief, such infringement has been willful.

46. As a result of the wrongful conduct of the Defendant, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

**COUNT IV: DISTRICT OF COLUMBIA STATUTORY UNFAIR COMPETITION – 28 D.C. CODE § 3904(a), (b), AND (s)**

47. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 46 above.

48. The actions of the Defendant in the District of Columbia constitute willful and knowing deceptive trade practices, in violation 28 D.C. Code § 3904(a), (b), and (s).

49. The actions of the Defendant in the District of Columbia have caused and will continue to cause Plaintiff irreparable harm unless enjoined.

50. As a result of the wrongful conduct of the Defendant, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff prays for entry of judgment against the Defendant as follows:

A. Permanently enjoining the Defendant, its officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them from using the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL, or any other colorable imitation of the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks.

B. Requiring the Defendant, its officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them, to deliver to the court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, promotional items, promotional literature, and advertisements in its possession or control which utilize or incorporate the designations ASSOCIATION OF AMERICAN TRIAL LAWYERS and AOATL, or any other colorable imitation of the ATLA® and ASSOCIATION OF TRIAL LAWYERS OF AMERICA marks, together with all plates, molds, matrices, and other means of making the same;

C. Awarding Plaintiff all damages sustained as a result of the Defendant's wrongful activities, trebled where permissible;

D. Directing an accounting of the Defendant's profits resulting from its wrongful activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

E. Awarding Plaintiff its attorneys' fees and costs as allowed by law;

F. Awarding prejudgment and post-judgment interest on all sums awarded; and

G. Awarding such other and further relief as the Court may deem just, equitable and appropriate.

Date: June 28, 2019

*_/s/ Christopher T. Nace_*
Christopher T. Nace, Esq. #977865
PAULSON & NACE, PLLC
1025 Thomas Jefferson St., NW, Ste 810
Washington, DC 20007
ctnace@paulsonandnace.com
Telephone: 202-463-1999
Facsimile: 202-223-6824

Christopher K. Larus, Esq.
(application *pro hac vice* pending)
Taylor Y. Moore-Willis, Esq.
(application *pro hac vice* pending)
ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
CLarus@RobinsKaplan.com
TMoore-Willis@RobinsKaplan.com
Telephone: (612) 349-0116
Facsimile: (612) 339-4181

Craig Hilliard, Esq.
(application *pro hac vice* pending)
STARK & STARK, P.C.
993 Lenox Dr. Building 2
Lawrenceville, NJ 08648
chilliard@stark-stark.com
Telephone: (609) 895-7346
Facsimile: (609) 895-7395

**ATTORNEYS FOR PLAINTIFF AMERICAN ASSOCIATION FOR JUSTICE a/k/a ASSOCIATION OF TRIAL LAWYERS OF AMERICA**

******Plaintiff Demands Trial by Jury on All Counts******

*/s/ Christopher T. Nace*
Christopher T. Nace, Esq.